# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shayne Boodoo, | Court File No.: 19-cv-217 (PJS/DTS) |
| Plaintiff, | |
| v. | |
| Nelnet Servicing, LLC, Equifax, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, | **RULE 26(f) REPORT** |
| Defendants. | |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules on April 11, 2019, and prepared the following report.

The pretrial conference in this matter is scheduled for April 23, 2019, at 9:00 AM, before United States Magistrate Judge David T. Schultz in Courtroom 9E, of the U.S. Courthouse in Minneapolis, Minnesota 55415. The parties do not request that the initial pretrial conference be held by telephone.

**PLAINTIFF: Pre-trial conference by telephone requested.**

**(a)   DESCRIPTION OF THE CASE.**

1. Concise Factual Summary of Plaintiff's Claims.

    **PLAINTIFF: All Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. § 1681.**

    **PLAINTIFF: NELNET SERVICING, LLC's violations of the Fair Debt Collection Practices Act U.S.C. § 1692.**

2. Concise Factual Summary of Defendants' claims/defenses.

    **Defendants: Deny all material allegations and claims set forth in the Complaint.**

3036964.v4

**Trans Union:** Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the FCRA, and states that all times relevant, it maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and that it complied with the requirements of the FCRA with respect to Plaintiff. Trans Union further states that it properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff many have sustained were not caused by Trans Union.

**Nelnet:** Defendant Nelnet Servicing, LLC ("Nelnet") denies all of the material allegations and claims alleged against Nelnet in the Complaint. First, Nelnet verified Plaintiff's debt and at all times conducted reasonable investigations following receipt of communications from Plaintiff and the CRAs. Second, Nelnet did not make any false, deceptive, or misleading representations in connection with the collection of Plaintiff's debt. Third, Nelnet did not engage in any unfair or unconscionable practices in connection with collection of Plaintiff's debt. Therefore, Nelnet did not violate the FDCPA or FCRA in connection with Plaintiff's debt.

**Equifax:** Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute(s), if any, in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

3. Statement of Jurisdiction (including statutory citations).

   **The Court has jurisdiction pursuant to 28 U.S.C. § 1331.**

4. Summary of Factual Stipulations or Agreements.

   **There have been no factual stipulations or agreements at this time.**

3036964.v4

5. Statement of whether a jury trial has been timely demanded by any party.

   **Plaintiff has demanded a jury trial.**

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, if applicable.

   **The parties do not wish to proceed under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.**

**(b) PLEADINGS.**

1. Statement of whether all process has been served.

   **All parties have been served.**

2. Statement as to whether all pleadings have been filed and a plan for any party to amend pleadings or add additional parties to the action.

   **PLAINTIFF:  Future pleadings may be filed according to the Scheduling Order of the Court.**

   **DEFENDANT(S):  All pleadings have been filed. No party has any present intention to amend its pleadings or add additional parties.**

**(c) FACT DISCOVERY.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 31, 2019**.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by:  **December 31, 2019.**

3. Fact discovery procedures shall be commenced in time to be completed on or before **December 31, 2019**.  The parties will discuss whether an interim date for the substantial completion of document production should be set to facilitate the scheduling and taking of depositions.

3

4. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

5. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) Each party may serve up to **25** interrogatories, counted in accordance with Rule 33(a).

   b) Each party may serve up to **25** document requests. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015. For the parties' convenience, the rule is set forth below:

   (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

   c) Each party may take up to **7** factual depositions.

   d) Each party may serve up to **40** requests for admissions.

   e) Defendants may make **a** Rule 35 medical examination, if warranted, after application to the Court.

**(d)   EXPERT DISCOVERY.**

1. The parties anticipate that they **will not** require expert witnesses at the time of trial.

2. The plaintiff anticipates calling _____ (number) experts in the fields of: _____.

3. The defendants anticipate calling only rebuttal experts.

4. The parties propose that the Court establish the following plan for expert discovery:

   a. Initial experts.

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before: **August 27, 2019.**

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before: **September 27, 2019.**

   b. Rebuttal experts.

      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before: **October 27, 2019.**

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before: **November 27, 2019.**

5. All expert discovery must be completed by: **December 27, 2019.**

**(e) OTHER DISCOVERY ISSUES.**

(1) Protective Order: **The parties will work to file a Stipulated Protective Order.**

**PLAINTIFF: There are no protective orders currently.**

(The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

**The parties do not believe that this case is suitable for electronic discovery. However, the parties agree to produce any electronically stored information, to the extent it is response to any proper discovery**

> requests, in paper copy or in .pdf format as an initial matter. The defendants further agree that documents stored in electronic format in offline, archived locations shall be considered inaccessible for purposes of Fed. R. Civ. P. 26(b)(2)(B). If necessary, the parties agree to confer with one another regarding any additional exchange or production.
>
> **PLAINTIFF: Objects to the claim that the defendant's agree in (e)2 "that documents stored in electronic format in offline, archived locations shall be considered inaccessible for purposes of Fed. R. Civ. P. 26(b)(2)(B)". Plaintiff claims that documents stored in electronic format in offline, archived locations do not limit discovery.**

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.
>
> **PLAINTIFF: I will expect to see every document/record in any format that is relevant to this case.**

(4) The parties:

- ☐ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

- **X** agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

- ☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**(f)   PROPOSED MOTION SCHEDULE.**

The parties propose the following deadlines for filing motions:

6

    (1)    Motions seeking to join other parties must be filed and served by **May 31, 2019**.

    (2)    Motions seeking to amend the pleadings must be filed and served by **May 31, 2019**.

    (3)    All other non-dispositive motions must be filed and served by **January 31, 2020**.

    (4)    All dispositive motions must be filed and served by **January 31, 2020**.

**(g)**    **TRIAL-READY DATE.**

    (1)    The parties agree that the case will be ready for trial on or after **June 1, 2020**.

    (2)    The parties propose that the final pretrial conference be held on or before **May 1, 2020**.

    (3)    The estimated jury trial length is **five (5) days**.

**(h)**    **INSURANCE CARRIERS/INDEMNITORS.**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**PLAINTIFF: Defendants have not identified their insurance carrier or provided evidence they are self-insured (if necessary, please provide an affidavit of self-insured).**

**Nelnet Servicing, LLC : Nelnet Servicing, LLC has no applicable insurance reasonably likely to apply to any judgment which may be entered in this action.**

**Trans Union: Trans Union's applicable insurance carrier is Underwriters at Lloyd's, London. Based on Plaintiff's claims it appears likely that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.**

**Experian Information Solutions, Inc: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.**

7

**Other Defendants: Other defendants will provide responsive insurance information.**

**(i)    SETTLEMENT.**

The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:  **Settlement Conference with Magistrate Judge after written discovery has been exchanged.**

**(j)    TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Dated: April 16, 2019            By:   */s/ Shayne Boodoo*
                                                Shayne Boodoo
                                    8588 134th Street West
                                    Apple Valley, MN 55124

                                    **PLAINTIFF**

Dated: April 16, 2019            **FELHABER LARSON**

                                    By:   */s/ David L. Hashmall*
                                            David L. Hashmall, #138162
                                            Daniel R. Haller, #396497
                                            Zachary A. Alter, #399991
                                    220 South Sixth Street, Suite 2200
                                    Minneapolis, Minnesota 55402
                                    Telephone:  (612) 339-6321
                                    dhashmall@felhaber.com
                                    dhaller@felhaber.com
                                    zalter@felhaber.com

                                    **ATTORNEYS FOR DEFENDANT NELNET SERVICING, LLC**

8

Dated: April 16, 2019

**MESSERLI & KRAMER, P.A.**

By: */s/ Terri A. Running*
    Terri A. Running
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Telephone: (612) 672-3730
trunning@messerlikramer.com

**ATTORNEYS FOR DEFENDANT EQUIFAX INFORMATION SERVICES, LLC AND DEFENDANT EQUIFAX, INC.**

Dated: April 16, 2019

**JONES DAY**

Eli M. Temkin, #0397766
90 South 7th Street, Suite 4950
Minneapolis, Minnesota 55402
Telephone: (612) 217-8800
etemkin@jonesday.com

By: */s/ Jamie N. Ward*
    Jamie N. Ward (*pro hac vice*)
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 269-4098
jamieward@jonesday.com

**ATTORNEYS FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

Dated: April 16, 2019

**FISHER BREN & SHERIDAN, LLP**

Bradley D. Fisher, #219356
Amy M. Sieben, #326021
920 Second Avenue South, Suite 975
Minneapolis, MN 55402-4011
Telephone: (612) 332-0100
bfisher@fisherbren.com
asieben@fisherbren.com

**SCHUCKIT & ASSOCIATES PC**

By:   */s/ Erik J. Jones*
       Erik J. Jones (*pro hac vice*)
4545 Northwestern Drive
Zionsville, IN 56077
Telephone: (317) 363-2400
ejones@schuckitlaw.com

**ATTORNEYS FOR DEFENDANT TRANS UNION, LLC**